**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| S.H., individually and on behalf of E.H., a minor<br><br>     Plaintiffs,<br><br>  v.<br><br>BLUE CROSS AND BLUE SHIELD OF MASSACHUSETTS, INC. and the PREFERRED PROVIDER PLAN,<br><br>     Defendants. | Civil Action No. 1:26-cv-11427 |

**DEFENDANT BLUE CROSS AND BLUE SHIELD OF MASSACHUSETTS, INC.'S
ANSWER TO PLAINTIFFS' COMPLAINT**

NOW COMES Defendant, Blue Cross and Blue Shield of Massachusetts, Inc. ("BCBSMA") and hereby responds to the Complaint of Plaintiffs S.H., individually and on behalf of E.H., a minor (together, "Plaintiffs") as follows:

**PARTIES, JURISDICTION, AND VENUE**

1.  S.H. and E.H. are residents of York County, Maine. S.H. is the parent of E.H. and sues individually and on behalf of E.H., a minor.

**Answer No. 1.**  BCBSMA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1, and therefore on that basis, denies the allegations in Paragraph 1.

2.  This case involves mental health treatment and other confidential medical and mental health information. E.H. is a minor. Using Plaintiffs' full names and surnames would render them identifiable and would intrude upon private health care matters including matters protected by HIPAA.

**Answer No. 2.**        BCBSMA does not object to Plaintiffs' use of initials in this litigation for purposes of protecting privacy interests but otherwise denies any allegation that BCBSMA has violated, or would violate, HIPAA or other applicable privacy laws.

3.        Plaintiffs incorporate herein the medical and claim-related documentation previously exchanged between them and the Defendants.

**Answer No. 3.**        The allegations in Paragraph 3 refer to documents that speak for themselves and are the best evidence of their contents. To the extent that the allegations are inconsistent with or mischaracterize such documents, it is denied.

4.        At all times relevant hereto, Plaintiff S.H. was an employee of Starlite Building Services Inc. ("Starlite").

**Answer No. 4.**        BCBSMA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4, and therefore on that basis, denies the allegations in Paragraph 4.

5.        Through their employment, S.H. was and is a participant in Defendant Preferred Provider Plan, A PPO Health Plan administered by Blue Cross and Blue Shield of Massachusetts, Inc. (the "Plan"). E.H. is and was S.H.'s dependent and, at all times relevant hereto, a beneficiary under the Plan as defined by ERISA.

**Answer No. 5.**        BCBSMA admits the allegations in Paragraph 5.

6.        Defendant Blue Cross and Blue Shield of Massachusetts, Inc. ("BCBSMA") issued a group health insurance policy to Starlite within the state of Massachusetts. The nonprofit corporation has a principal office at 101 Huntington Ave., Ste. 1300, Boston, Suffolk County, Massachusetts, and a registered agent at 84 State Street, Boston, Suffolk County, Massachusetts.

**Answer No. 6.**        BSMA denies the allegation in the first sentence of Paragraph 6. By way of further answer, BCBSMA states that Plaintiff was enrolled in a self-funded health benefit

plan offered by his employer, which BCBSMA administered. BCBSMA admits the allegations in the second sentence of Paragraph 6..

7. The Plan is a welfare benefits plan under 29 U.S.C. § 1001 *et. seq.,* the Employee Retirement Income Security Act of 1974 ("ERISA").

**Answer No. 7.** BCBSMA admits the allegations in Paragraph 7.

8. BCBSMA administers the Plan, including processing claims, and is a fiduciary of the Plan as defined by ERISA.

**Answer No. 8.** BCBSMA admits that it administers the Plan, as alleged in Paragraph 8. BCBSMA denies that it acted as a fiduciary under ERISA except to the extent required by law and the terms of the Plan, and otherwise denies the allegations in Paragraph 8.

9. This lawsuit is brought to obtain relief under ERISA pursuant to 29 U.S.C. § 1132(a)(1)(B), 29 U.S.C. § 1132(a)(3), and associated federal regulations. Accordingly, this Court has jurisdiction under 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331.

**Answer No. 9.** Paragraph 9 sets forth legal conclusions. BCBSMA is not required to admit or deny legal conclusions. Because BCBSMA is not required to admit or deny legal conclusions, BCBSMA denies the allegations in Paragraph 9.

10. Venue is appropriate under 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391(c).

**Answer No. 10.** BCBSMA does not dispute venue, as alleged in Paragraph 10. However, for purpose of clarity, BCBSMA disputes that the Complaint asserts plausible causes of action under ERISA or otherwise and BCBSMA contends that judgment should be entered in BCBSMA's favor and against Plaintiffs.

## FACTUAL ALLEGATIONS
### *Allegations regarding the benefit plan*

11. The Plan describes itself as a self-funded health benefits plan.

**Answer No. 11.**        The allegations in Paragraph 11 purport to recite or describe the contents of documents that speak for themselves and are the best evidence of their contents. To the extent that the allegations are inconsistent with or mischaracterize such documents, it is denied.

12.     The Plan and its sponsor contracted with BCBSMA as its service representative to handle the day-to-day administration of the Plan and appointed BCBSMA as its agent to process claims, manage individual cases, conduct use review, answer benefit questions, and make benefit decisions.

**Answer No. 12.**        The allegations in Paragraph 12 purport to recite or describe the contents of documents that speak for themselves and are the best evidence of their contents. To the extent that the allegations are inconsistent with or mischaracterize such documents, they are denied.

13.     Upon information and belief, the Plan's governing documents include or consist of a Summary of Benefits, the Preferred Provider Plan Benefit Description booklet (the "Booklet") and any applicable riders.

**Answer No. 13.**        The allegations in Paragraph 13 purport to recite or describe the contents of documents that speak for themselves and are the best evidence of their contents. To the extent that the allegations are inconsistent with or mischaracterize such documents, they are denied.

14.     The Booklet states that treatment is covered for treatment of a mental health condition:

> MENTAL HEALTH PROVIDERS: This health plan provides coverage for treatment of a mental condition when these covered services are furnished by a covered provider who is a mental health provider. These covered providers include any one or more of the following kinds of health care providers: alcohol and drug treatment facilities; clinical specialists in psychiatric and mental health nursing; community health centers (that are a part of a general hospital); day care centers; detoxification facilities; general hospitals; licensed alcohol and drug counselor I providers; licensed independent clinical social workers; licensed marriage and

family therapists; licensed mental health counselors; mental health centers; mental hospitals; opioid treatment program providers; physicians; psychiatric nurse practitioners; psychologist and other mental health providers that are designated for you by Blue Cross and Blue Shield."

MENTAL CONDITIONS: This health plan provides coverage for treatment of psychiatric illnesses or diseases. These include substance use disorders (such as drug and alcohol addiction). The illness or diseases that qualify as mental conditions are listed in the latest edition, at the time you receive treatment, of the American Psychiatric Association's Diagnostic and Statistical Manual of Mental Disorders.

Booklet p. 17 (italics in original indicating defined term, underline in original).

**Answer No. 14.**    The allegations in Paragraph 14 purport to recite or describe the contents of documents that speak for themselves and are the best evidence of their contents. To the extent that the allegations are inconsistent with or mischaracterize such documents, they are denied.

15.    The Booklet states, "This health plan covers medically necessary services to diagnose and/or treat mental conditions. This coverage includes:" biologically-based and non-biologically based mental conditions. (Booklet p. 45.)

**Answer No. 15.**    The allegations in Paragraph 15 purport to recite or describe the contents of documents that speak for themselves and are the best evidence of their contents. To the extent that the allegations are inconsistent with or mischaracterize such documents, they are denied.

### *Facts regarding E.H.'s treatment and claims*

16.    From a young age, E.H. has been diagnosed with mental health conditions including generalized anxiety disorder; major depressive disorder, recurrent episode, moderate; and attention-deficit hyperactivity disorder, predominantly inattentive presentation, as defined in the DSM-V.

**Answer No. 16.**        BCBSMA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16, and therefore on that basis, denies the allegations in Paragraph 16.

17.    E.H. had been receiving care from numerous providers for these conditions and living at home.

**Answer No. 17.**        BCBSMA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17, and therefore on that basis, denies the allegations in Paragraph 17.

18.    Starting at approximately the beginning of 2021, E.H.'s conditions began escalating resulting in behaviors extremely detrimental to E.H.'s well-being.

**Answer No. 18.**        BCBSMA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18, and therefore on that basis, denies the allegations in Paragraph 18.

19.    E.H. was hospitalized and participated in a five week program that was not successful.

**Answer No. 19.**        BCBSMA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19, and therefore on that basis, denies the allegations in Paragraph 19.

20.    S.H. learned about True North Wilderness Program ("True North").

**Answer No. 20.**        BCBSMA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20, and therefore on that basis, denies the allegations in Paragraph 20.

21.    True North is a licensed outdoor behavioral health program located in Waitsfield, Vermont that provides mental health treatment for various conditions, including E.H.'s diagnosed conditions, to adolescents and young adults.

**Answer No. 21.**    BCBSMA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21, and therefore on that basis, denies the allegations in Paragraph 21.

22.    S.H. enrolled E.H. in True North.

**Answer No. 22.**    BCBSMA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22, and therefore on that basis, denies the allegations in Paragraph 22.

23.    From December 19, 2022 to April 5, 2023, E.H. received treatment for their mental health conditions at True North.

**Answer No. 23.**    BCBSMA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23, and therefore on that basis, denies the allegations in Paragraph 23. To the extent a response is required, BCBSMA states that it received claims for services purportedly rendered to E.H. at True North during the referenced time period.

24.    E.H.'s treatment at True North was beneficial and E.H. was discharged with significant improvement in their diagnosed conditions.

**Answer No. 24.**    BCBSMA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24, and therefore on that basis, denies the allegations in Paragraph 24.

25.    S.H. incurred a cost of $74,365 for E.H.'s treatment at True North, which was submitted to BCBSMA.

**Answer No. 25.**        BCBSMA admits that Plaintiffs submitted claims to BCBSMA seeking reimbursement for charges allegedly totaling $74,365 in connection with services rendered by True North, as alleged in Paragraph 25. BCBSMA denies that Plaintiffs are entitled to coverage or reimbursement for such charges under the terms, conditions, limitations, and exclusions of the Plan.

26.    Plaintiffs received a Summary of Health Plan Payments from BCBSMA dated September 8, 2023.

**Answer No. 26.**        BCBSMA admits that it sent a Summary of Health Plan Payments dated September 8, 2023.  BCBSMA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 26, and otherwise denies the allegations in Paragraph 26.

27.    The Summary of Health Plan Payments from BCBSMA stated that the amount covered for E.H.'s treatment was $0.00. In a "Notes" line, BCBSMA referred to Note A, which stated: "WE CANNOT PROVIDE BENEFITS FOR THIS SERVICE BECAUSE PREAUTHORIZATION/NOTIFICATION IS NOT ON FILE /Q319/". (Summary of Health Plan Payments, p. 5.)

**Answer No. 27.**        The allegations in Paragraph 27 purport to recite or describe the contents of documents that speak for themselves and are the best evidence of their contents. To the extent that the allegations are inconsistent with or mischaracterize such documents, they are denied.

28.    The Summary of Health Plan Payments did not cite any provision of the Plan.

**Answer No. 28.**        The allegations in Paragraph 28 purport to recite or describe the contents of documents that speak for themselves and are the best evidence of their contents. To

the extent that the allegations are inconsistent with or mischaracterize such documents, they are denied.

29.     In a letter (the "Level One Appeal") dated March 1, 2024, S.H. requested a level one member appeal review of BCBSMA's denial of benefits for E.H.'s care at True North.

**Answer No. 29.**     The allegations in Paragraph 29 purport to recite or describe the contents of documents that speak for themselves and are the best evidence of their contents. To the extent that the allegations are inconsistent with or mischaracterize such documents, they are denied.

30.     The Level One Appeal is summarized in part here.  Among other things, the Level One Appeal:

a.      Noted the faulty basis of the denial for lack of pre-authorization where the policy language regarding prior authorization directed to the BCBSMA website to find out if certain services required preauthorization and noting that the BCBSMA website did not list outdoor behavioral health among the list of services that required prior authorization;

b.      Requested a physical copy of all documents used for the initial determination and Level On Appeal determination, as well as the reviewer's name, credentials, experience, and case notes or report;

c.      Noted that True North qualified as an intermediate behavioral healthcare or intermediate transitional program under Mental Health Parity and Addiction Equity Act ("MHPAEA") because True North provided services that fall between acute hospitalization and regular outpatient care for people with mental health conditions or substance use disorders; and

d.      Requested that BCBSMA conduct a comparative parity analysis to determine whether or not the Plan is truly being administered in compliance with the MHPAEA and provide physical copies of any documentation used.

**Answer No. 30.**     The allegations in Paragraph 30 purport to recite or describe the contents of documents that speak for themselves and are the best evidence of their contents. To the extent that the allegations are inconsistent with or mischaracterize such documents, they are denied.

9

31.     A denial letter (the "Denial Letter") dated March 26, 2024, was sent to Plaintiffs.

**Answer No. 31.**     BCBSMA admits the allegations in Paragraph 31.

32.     The Denial Letter stated that the claims were denied because Plaintiffs "did not request or obtain prior authorization as required under your plan."

**Answer No. 32.**     The allegations in Paragraph 32 purport to recite or describe the contents of documents that speak for themselves and are the best evidence of their contents. To the extent that the allegations are inconsistent with or mischaracterize such documents, they are denied.

33.     In stating this position, the Denial Letter cited to pages 29-32 of the Booklet with a "see also p. 26 ("Before you go into a hospital or other covered health care facility for inpatient care, your health care provider must obtain an approval from Blue Cross and Blue Shield of Massachusetts (BCBSMA) in order [for] your care to be covered by this health plan.")." The Denial letter went on to cite to page 46 of the Booklet and, "the inpatient pre-service review process."

**Answer No. 33.**     The allegations in Paragraph 33 purport to recite or describe the contents of documents that speak for themselves and are the best evidence of their contents. To the extent that the allegations are inconsistent with or mischaracterize such documents, they are denied.

34.     "Hospital or other covered health care facility" is a defined term at page 12 of the Plan, and the definition does not include licensed outdoor behavioral health programs like True North.

**Answer No. 34.**     The allegations in Paragraph 34 purport to recite or describe the contents of documents that speak for themselves and are the best evidence of their contents. To

the extent that the allegations are inconsistent with or mischaracterize such documents, they are denied.

35.    Pages 29-32 of Booklet are irrelevant to Plaintiffs' claim for mental health benefits under the Plan, as these pages concern medical and surgical care, not to mental health care, which is the subject of Plaintiffs' claim.

**Answer No. 35.**    The allegations in Paragraph 35 purport to recite or describe the contents of documents that speak for themselves and are the best evidence of their contents. To the extent that the allegations are inconsistent with or mischaracterize such documents, they are denied.

36.    Page 26 also does not support the denial. There are no pertinent provisions on that page.

**Answer No. 36.**    The allegations in Paragraph 36 purport to recite or describe the contents of documents that speak for themselves and are the best evidence of their contents. To the extent that the allegations are inconsistent with or mischaracterize such documents, they are denied.

37.    Even under the quoted portion not found on page 26, such language did not clearly encompass the treatment at issue.

**Answer No. 37.**    The allegations in Paragraph 37 purport to recite or describe the contents of documents that speak for themselves and are the best evidence of their contents. To the extent that the allegations are inconsistent with or mischaracterize such documents, they are denied.

38.    The Denial Letter gave no citation to any provision of the Plan that expressly and unequivocally stated that prior authorization was required for outdoor behavioral health services at the cost of a complete denial of coverage.

**Answer No. 38.**      The allegations in Paragraph 38 purport to recite or describe the contents of documents that speak for themselves and are the best evidence of their contents. To the extent that the allegations are inconsistent with or mischaracterize such documents, they are denied.

39.      To the contrary, in describing the Plan's coverage for mental health and substance use treatment, the Plan states as follows:

Inpatient Services

Usually, to receive coverage for inpatient services, you and your mental health provider must receive approval from Blue Cross and Blue Shield as outlined in this benefit booklet before you enter a hospital or other covered facility. (See Part 4 for these requirements.) Blue Cross and Blue Shield will let you and your mental health provider know when your coverage is approved. When inpatient care is approved by Blue Cross and Blue Shield, this health plan provides coverage for as many days as are medically necessary for you. This coverage includes: semiprivate room and board and special services; and psychiatric care that is furnished for you by a physician (who is a specialist in psychiatry), or by a psychologist, or by a clinical specialist in psychiatric and mental health nursing, or by another mental health provider.

Booklet at 46.

**Answer No. 39.**      The allegations in Paragraph 39 purport to recite or describe the contents of documents that speak for themselves and are the best evidence of their contents. To the extent that the allegations are inconsistent with or mischaracterize such documents, they are denied.

40.      Accordingly, assuming E.H.'s treatment at True North was a form of mental health inpatient services, the Plan, by its own terms, did not always require preapproval.

**Answer No. 40.**      BCBSMA denies the allegations in Paragraph 40.

41.      The Denial Letter did not assert any other reason for denying coverage in addition to the asserted lack of preapproval. For example, the Denial Letter did not deny that E.H.'s treatment at True North did not meet the Plan's definition of covered service.

**Answer No. 41.**     The allegations in Paragraph 41 purport to recite or describe the contents of documents that speak for themselves and are the best evidence of their contents. To the extent that the allegations are inconsistent with or mischaracterize such documents, they are denied.

42.     E.H.'s treatment at True North was covered under the Plan.

**Answer No. 42.**     BCBSMA denies the allegations in Paragraph 42.

43.     In response to Plaintiffs' request for information regarding BCBSMA's compliance with the MHPAEA, BCBSMA's denial stated that it was attaching a copy of a document BCBSMA called the "BCBSMA Prior Authorization Non-Quantitative Treatment Limitations (NQTL) Analysis Documentation."

**Answer No. 43.**     The allegations in Paragraph 43 purport to recite or describe the contents of documents that speak for themselves and are the best evidence of their contents. To the extent that the allegations are inconsistent with or mischaracterize such documents, they are denied.

44.     That documentation did not contain enough information about BCBSMA's applied practices with regard to denying medical/surgical benefits based on a lack of preapproval such that Plaintiffs could determine if BCBSMA was applying a NQTL with regard to mental health providers like True North in a way it was not doing so for comparable medical/surgical benefits.

**Answer No. 44.**     The allegations in Paragraph 44 purport to recite or describe the contents of documents that speak for themselves and are the best evidence of their contents. To the extent that the allegations are inconsistent with or mischaracterize such documents, they are denied.

45.     Plaintiffs exhausted all appeals required by the Plan.

**Answer No. 45.**     BCBSMA admits the allegations in Paragraph 45.

46. Plaintiffs thereafter retained the undersigned to pursue their rights and remedies under ERISA.

**Answer No. 46.** BCBSMA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46, and therefore on that basis, denies the allegations in Paragraph 46.

47. The remedies Plaintiffs seek herein are for the benefits due and pursuant to 29 U.S.C. § 1132(a)(1)(B), for appropriate equitable relief under 29 U.S.C. § 1132 (A)(3) based on Defendants' violation of the Mental Health Parity and Addiction Equity Act of 2008, prejudgment interest, recoverable fees under 29 U.S.C. § 1132(g), and an award of costs and expenses under 29 U.S.C. § 1132(g) and other applicable law.

**Answer No. 47.** Paragraph 47 sets forth legal conclusions. BCBSMA is not required to admit or deny legal conclusions. Because BCBSMA is not required to admit or deny legal conclusions, BCBSMA denies the allegations in Paragraph 47.

### *Facts relating to parity of mental health treatment on the Plan's face*

48. The Plan covers treatment or services that are analogous to the type of facility/service at issue here.

**Answer No. 48.** The allegations in Paragraph 48 purport to recite or describe the contents of documents that speak for themselves and are the best evidence of their contents. To the extent that the allegations are inconsistent with or mischaracterize such documents, they are denied.

49. One such analogue that has been recognized by courts is treatment at a hospice facility.

**Answer No. 49.**    Paragraph 49 sets forth legal conclusions. BCBSMA is not required to admit or deny legal conclusions. Because BCBSMA is not required to admit or deny legal conclusions, BCBSMA denies the allegations in Paragraph 49.

50.    The plan does not require preapproval for hospice services.

**Answer No. 50.**    The allegations in Paragraph 50 purport to recite or describe the contents of documents that speak for themselves and are the best evidence of their contents. To the extent that the allegations are inconsistent with or mischaracterize such documents, they are denied.

51.    This disparity raises issues regarding noncompliance with the MHPAEA.

**Answer No. 51.**    Paragraph 51 sets forth legal conclusions. BCBSMA is not required to admit or deny legal conclusions. Because BCBSMA is not required to admit or deny legal conclusions, BCBSMA denies the allegations in Paragraph 51.

### FIRST CAUSE OF ACTION
### (Claim for Recovery of Benefits Under 29 U.S.C. § 1132(a)(1)(B))

52.    All allegations of this Complaint are, incorporated here as though fully set forth herein.

**Answer No. 52.**    BCBSMA repeats and restates its answers to the previously numbered Paragraphs as if fully set forth herein.

53.    As stated by the United States Supreme Court, ERISA imposes higher-than-marketplace quality standards on insurers and plan administrators.

**Answer No. 53.**    Paragraph 53 sets forth legal conclusions. BCBSMA is not required to admit or deny legal conclusions. Because BCBSMA is not required to admit or deny legal conclusions, BCBSMA denies the allegations in Paragraph 53.

54.     ERISA sets forth a special standard of care upon plan fiduciaries such as BCBSMA, acting as agent of the Plan, to "discharge [its] duties in respect to claims processing solely in the interests of the participants and beneficiaries" of the Plan. 29 U.S.C. § 1104(a)(1).

**Answer No. 54.**     Paragraph 54 sets forth legal conclusions. BCBSMA is not required to admit or deny legal conclusions. Because BCBSMA is not required to admit or deny legal conclusions, BCBSMA denies the allegations in Paragraph 54.

55.     Defendants wrongly denied coverage for E.H.'s treatment in violation of the terms of the Plan. The treatment was covered by the terms of the Plan.

**Answer No. 55.**     BCBSMA denies the allegations in Paragraph 55.

56.     Defendants' denial of payment for E.H.'s treatment reflects the absence of meaningful review and engagement. Among other things, BCBSMA/the Plan did not address or respond to the issues raised in Plaintiffs' appeal, and did not meaningfully address the arguments or concerns raised during the appeal process.

**Answer No. 56.**     BCBSMA denies the allegations in Paragraph 56.

57.     Defendants breached their fiduciary duties to Plaintiffs when they failed to comply with their obligations under 29 U.S.C. § 1104 and 29 U.S.C. § 1133 to act solely in Plaintiffs' interest and for the exclusive purpose of providing benefits to ERISA participants and beneficiaries, and to provide a full and fair review of Plaintiffs' claims.

**Answer No. 57.**     BCBSMA denies the allegations in Paragraph 57.

58.     The denial of benefits for E.H.'s treatment is a violation of the terms of the Plan, as written and/or as reformed as required or permitted under ERISA.

**Answer No. 58.**     BCBSMA denies the allegations in Paragraph 58.

**SECOND CAUSE OF ACTION**
**(Violation of the Mental Health Parity and Addiction Equity Act (29 U.S.C. § 1132(a)(3))**

59. All allegations of this Complaint are incorporated here as though fully set forth herein.

**Answer No. 59.** BCBSMA repeats and restates its answers to the previously numbered Paragraphs as if fully set forth herein.

60. The MHPAEA is incorporated into ERISA and is enforceable by ERISA participants and beneficiaries as a requirement of both ERISA and MHPAEA. The obligation to comply with both ERISA and MHPAEA is part of BCBSMA/the Plan's fiduciary duties.

**Answer No. 60.** Paragraph 60 sets forth legal conclusions. BCBSMA is not required to admit or deny legal conclusions. Because BCBSMA is not required to admit or deny legal conclusions, BCBSMA denies the allegations in Paragraph 60.

61. Generally speaking, MHPAEA requires ERISA plans to provide no less generous coverage for treatment of mental health and substance use disorders than they provide for treatment of analogous medical/surgical disorders.

**Answer No. 61.** Paragraph 61 sets forth legal conclusions. BCBSMA is not required to admit or deny legal conclusions. Because BCBSMA is not required to admit or deny legal conclusions, BCBSMA denies the allegations in Paragraph 61.

62. Impermissible nonquantitative treatment limitations (NQTLs) under MHPAEA include, but are not limited to, restrictions based on geographic location, facility type, provider specialty, or other criteria that limit the scope or duration of benefits for mental health or substance use disorder treatment. 29 C.F.R. § 2590.712(c)(4)(ii).

**Answer No. 62.** Paragraph 62 sets forth legal conclusions. BCBSMA is not required to admit or deny legal conclusions. Because BCBSMA is not required to admit or deny legal conclusions, BCBSMA denies the allegations in Paragraph 62.

63.     Benefits offered by the Plan for medical/surgical treatment that courts have found analogous to the treatment at issue include treatment at a hospice facility.

**Answer No. 63.**     Paragraph 63 sets forth legal conclusions. BCBSMA is not required to admit or deny legal conclusions. Because BCBSMA is not required to admit or deny legal conclusions, BCBSMA denies the allegations in Paragraph 63.

64.     Under the plan at issue herein, preauthorization is not required for such hospice care.

**Answer No. 64.**     The allegations in Paragraph 64 purport to recite or describe the contents of documents that speak for themselves and are the best evidence of their contents. To the extent that the allegations are inconsistent with or mischaracterize such documents, they are denied.

65.     In terms of the as-applied practices of BCBSMA, Plaintiffs clearly requested information from BCBSMA reflecting that it treated medical/surgical benefits at parity with mental health benefits like E.H. received at True North.

**Answer No. 65.**     BCBSMA denies the allegations in Paragraph 65 as characterized. BCBSMA admits that Plaintiffs requested certain information in connection with their appeal, including requests relating to parity and a comparative parity analysis, but denies that such requests were as described in Paragraph 65 or that they establish the conclusions asserted therein..

66.     In response, BCBSMA did not provide documentation that was not sufficient for Plaintiffs to determine that the blanket denial of coverage for lack of preapproval Plaintiffs experienced was a kind of denial that BCBSMA engaged in at parity with comparable medical/surgical benefits.

**Answer No. 66.**     BCBSMA denies the allegations in Paragraph 66, including to the extent they are intelligible.

67.    As such, Plaintiffs have information and belief supporting the contention that, at a minimum, BCBSMA is engaged in enforcing a preapproval NQTL to mental health benefits in a way not at parity with comparable medical/surgical benefits.

**Answer No. 67.**        BCBSMA denies the allegations in Paragraph 67.

68.    Defendants are in violation of 29 C.F.R. § 2590.712(c)(4)(i) because the terms of the Plan, as written or in operation, use processes, strategies, standards, or other factors to limit coverage for mental health or substance use disorder treatment in a way that is inconsistent with, and more stringently applied to, the processes, strategies, standards, or other factors used to limit coverage for medical/surgical treatment in the same classification.

**Answer No. 68.**        BCBSMA denies the allegations in Paragraph 68.

69.    The violations of MHPAEA by Defendants are breaches of fiduciary duty and also give Plaintiffs the right to obtain appropriate equitable remedies as provided under 29 U.S.C. § 1132(a)(3) including, but not limited to:

(a)    A declaration that the action of Defendants violated the MHPAEA;

(b)    An injunction ordering Defendants to cease violating the MHPAEA and requiring compliance with the statute;

(c)    An Order requiring the reformation of the terms of the Plan and the medical necessity criteria utilized by Defendants to interpret and apply the terms of the Plan to ensure compliance with the MHPAEA;

(d)    An Order requiring disgorgement of funds obtained or retained by Defendants as a result of their violations of the MHPAEA;

(e)    An Order requiring an accounting by Defendants of the funds wrongly withheld by each Defendant from participants and beneficiaries of the Plan as a result of Defendants' violations of the MHPAEA;

(f)    An Order based on the equitable remedy of surcharge requiring Defendants to provide payment to Plaintiffs as make-whole relief for their loss;

(g)    An Order equitably estopping Defendants from denying Plaintiffs' claims in violation of the MHPAEA; and

19

(h)     An Order providing restitution from Defendants to Plaintiffs for their loss arising out of Defendants' violations of the MHPAEA and unjust enrichment.

**Answer No. 69.**          BCBSMA denies the allegations in Paragraph 69.

## AFFIRMATIVE DEFENSES

BCBSMA has not yet completed its investigation in this matter. BCBSMA reserves all rights to alter or amend its responsive pleading and affirmative defenses. Without assuming the burden of proof where it otherwise rests with Plaintiffs, BCBSMA asserts the following affirmative defenses as may prove applicable after discovery and/or a bench trial:

### AFFIRMATIVE DEFENSE NO. 1.

The Complaint fails to set forth facts sufficient to state a claim upon which relief may be granted against BCBSMA and further fails to state facts sufficient to entitle Plaintiffs to the relief sought, or any other relief whatsoever from BCBSMA.

### AFFIRMATIVE DEFENSE NO. 2.

The decision to deny Plaintiffs' claims should be reviewed under the abuse of discretion/arbitrary and capricious standard and there is substantial evidence supporting the denial of Plaintiffs' claims.

### AFFIRMATIVE DEFENSE NO. 3.

BCBSMA has performed all obligations required by the applicable plan and all related documents. Plaintiffs are not entitled to relief under 29 U.S.C. § 1132(a)(1)(B).

### AFFIRMATIVE DEFENSE NO. 4.

The terms and conditions of the applicable plan are incorporated by reference as if fully set forth herein and stand as a bar to some or all of the relief requested in the Complaint.

### AFFIRMATIVE DEFENSE NO. 5.

As of the filing of Plaintiffs' Complaint, Plaintiffs have failed to fully, appropriately, and/or

timely exhaust administrative remedies.

## AFFIRMATIVE DEFENSE NO. 6.

To the extent that BCBSMA engaged in any of the acts complained of, such acts were excused, justified, and/or privileged.

## AFFIRMATIVE DEFENSE NO. 7.

Plaintiffs' Complaint, and each purported claim alleged therein, is barred, in whole or in part, to the extent that Plaintiffs failed to mitigate damages.

## AFFIRMATIVE DEFENSE NO. 8.

Plaintiffs' Complaint, and each purported claim alleged therein, is barred, in whole or in part, by the applicable principles of waiver and/or estoppel.

## AFFIRMATIVE DEFENSE NO. 9.

Plaintiffs' Complaint, and each purported claim alleged therein, is barred, in whole or in part, by the doctrine of unclean hands.

## AFFIRMATIVE DEFENSE NO. 10.

Plaintiffs' Complaint, and each purported claim alleged therein, is barred, in whole or in part, by the doctrines of collateral estoppel and res judicata.

## AFFIRMATIVE DEFENSE NO. 11.

Plaintiffs' alleged injuries and/or damages in the Complaint, if any, were not proximately caused by the acts or omissions of BCBSMA, and any injury and/or damages that Plaintiffs alleges to have suffered, if any, resulted from a cause or causes not legally or proximately related to any act or omission of BCBSMA.

## AFFIRMATIVE DEFENSE NO. 12.

Plaintiffs' Complaint, and each purported claim alleged therein, is barred, whole or in part, to the extent any conduct attributable to BCBSMA was ratified or consented to by Plaintiffs and/or

the at-issue out-of-network facility.

### AFFIRMATIVE DEFENSE NO. 13.

Upon information and belief, some or all of the facility's billed charges are excessive under applicable standards, and/or Plaintiffs have failed to identify any basis for entitlement to demand billed charges.

### AFFIRMATIVE DEFENSE NO. 14.

Plaintiffs' Complaint, and each purported claim alleged therein, is barred, whole or in part, to the extent that Plaintiffs have not suffered any damages.

### AFFIRMATIVE DEFENSE NO. 15.

Plaintiffs' Complaint, and each purported claim alleged therein, is barred, in whole or in part, to the extent that any of the at-issue claims are for healthcare services rendered by facilities or providers that were not contracted as a participating provider with BCBSMA and therefore what is demanded by Plaintiffs is not required under the applicable plan.

### AFFIRMATIVE DEFENSE NO. 16.

Plaintiffs' Complaint, and each purported claim alleged therein, is barred, in whole or in part, to the extent that Plaintiffs seek to recover billed charges, which is void as against public policy because the charges are exorbitant, arbitrary, and unreasonable, and would unnecessarily increase overall healthcare costs, including causing potential premium increases.

### AFFIRMATIVE DEFENSE NO. 17.

Plaintiffs' Complaint, and each purported claim alleged therein premised on an alleged violation of the Parity Act, is subject to dismissal as duplicative and failing to state a cognizable claim under ERISA. At all times, BCBSMA complied with the Parity Act.

### AFFIRMATIVE DEFENSE NO. 18.

To the extent that Plaintiffs have any right to receive benefits, that right is subject to basic

preconditions and prerequisites that have not been established, including, but not limited to coordination of benefits, that the services were medically necessary, that the services were subject to exclusions in the Plan, that Plaintiffs or the at-issue facility timely submitted correctly coded claims and supplied any requested documentation, that any necessary authorizations were obtained prior to rendering the reported services, and that any requirements of administrative exhaustion were satisfied. Therefore, Plaintiffs' Complaint, and each purported claim alleged therein, is barred, in whole or in part, to the extent that Plaintiffs seek to recover amounts for services where: (i) claims were submitted for services not actually performed; (ii) multiple benefit claims were submitted for the same services performed or associated costs; (iii) Plaintiffs seek reimbursement using incorrect procedural terminology or other billing codes, for example, where a claim was submitted using a Current Procedural Terminology code that was not justified under the circumstances; (iv) Plaintiffs seek reimbursement for services rendered after the at-issue facility/provider provided an improper kickback or other improper benefit to Plaintiffs (including where the at-issue facility/provider improperly waived or paid Plaintiffs' co-payment, coinsurance, deductible, or other amount that the Plaintiffs were legally obligated to pay); (v) Plaintiffs seek reimbursement for amounts that fail to take into account co-payment, coinsurance, deductibles that must be recovered as a matter of law and/or industry practice and/or any other terms, conditions, exclusions, or limitations of the applicable Plan; and/or (vi) Plaintiffs failed to exhaust mandatory administrative and/or contractual remedies.

## AFFIRMATIVE DEFENSE NO. 19.

Plaintiffs' Complaint, and each purported claim alleged therein, is barred, in whole or in part, to the extent that Plaintiffs seek to unjustly enrich Plaintiffs or the at-issue facility/providers by allowing the retention of funds in excess of any amounts appropriately due for covered services.

**AFFIRMATIVE DEFENSE NO. 20.**

It has been necessary for BCBSMA to employ an attorney to defend the action and it is entitled to a reasonable sum for attorneys' fees and all incurred costs under ERISA.

**AFFIRMATIVE DEFENSE NO. 21. RIGHT TO ASSERT OTHER DEFENSES**

BCBSMA reserves the right to assert, and hereby gives notice that it intends to rely upon, any other defense that may become available during discovery proceedings or otherwise in this case and hereby reserves the right to amend this Answer to assert additional defenses.


DATED: May 22, 2026                                                 Respectfully submitted,


By: */s/ Lisa K. Haines*
    Lisa K. Haines, No. 667802
    lhaines@seyfarth.com
    **SEYFARTH SHAW LLP**
    Seaport East
    Two Seaport Lane, Suite 1200
    Boston, Massachusetts 02210-2028
    Telephone: (617) 946-4800
    Facsimile: (617) 946-4801

    Amanda L. Genovese, NY Bar No.
    5096011 (admitted *pro hac vice*)
    agenovese@seyfarth.com
    **SEYFARTH SHAW LLP**
    620 Eighth Avenue, 32nd Floor
    New York, NY 10018-1405
    Telephone: (212) 218-5500
    Facsimile: (212) 218-5526


    *ATTORNEYS FOR DEFENDANT*
    *BLUE CROSS AND BLUE SHIELD OF*
    *MASSACHUSETTS, INC.*

## CERTIFICATE OF SERVICE

I hereby certify that on May 22, 2026 a true copy of the foregoing document was electronically filed through the Court's ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

/s/ Lisa K. Haines
Lisa K. Haines